UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00282-FDW

| | |
|---|---|
| **Crypto Colo Center Corp. et al,** | )<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **Dei Vitae Enterprises, LLC et al,** | )<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Withdrawal of Reference pursuant to 28 U.S.C. § 157(d), (Doc. No. 1), and Plaintiffs' Motion for Relief from Standing Order, (Doc. No. 8). These matters have been fully briefed, (Doc. Nos. 1, 3, 8), and are ripe for ruling. For the reasons set forth below, Plaintiffs' Motion for Withdrawal of Reference and Motion for Relief from Standing Order are both **DENIED**.

## I. BACKGROUND

This action arises out of disputes over the misappropriation of funds, fraud, and breaches of fiduciary duties. Because the background of the instant dispute is complex both procedurally and jurisdictionally, the Court will summarize only the relevant portions for this particular matter.

On February 23, 2023, Defendants James Reuben Burton, Jr., and Susan Hunt Burton ("Burtons") filed a petition to commence a chapter 13 bankruptcy case, in the bankruptcy court for this district. (Case No. 23-03128). On February 28, 2023, Defendant Dei Vitae Enterprises, LLC ("DVE") filed a petition to commence a chapter 11 case in the bankruptcy court for this district. (Case No. 23-03148). Then, on March 24, 2023, Plaintiffs filed identical complaints in the

1

Burtons' chapter 13 bankruptcy case (Adv. Pro. No. 23-03007) and DVE's chapter 11 bankruptcy case (Adv. Pro. No. 23-03008).

On May 15, 2023, Plaintiffs filed in this Court a Motion to Withdraw Reference, (Doc. No. 1), seeking to have the references to the bankruptcy cases withdrawn pursuant to 28 U.S.C. § 157(d). The Clerk for this Court assigned each adversary proceeding a case number—Case No. 3:23-CV-00282 is before this Court and Case No. 3:23-CV-00283 is before Judge Robert J. Conrad.[1] On May 30, 2023, Defendant DVE filed a response in opposition of Plaintiffs' motion to withdraw; however, the response was filed only in the matter before Judge Conrad. ('283, Doc. No. 3). On June 5, 2023, in this Court, Plaintiffs filed a reply to Defendant DVE's response. (Doc. No. 3). With the briefings complete, Plaintiffs' motion to withdraw is ripe for review.

On June 6, 2023, in the United States Bankruptcy Court for this district, Judge Laura T. Beyer dismissed the chapter 13 bankruptcy case of the Burtons. Then, by order entered on August 10, 2023, Judge Beyer granted Plaintiffs' motion to dismiss adversary proceeding number 23-03007. (Doc. No. 4). On August 23, 2023, Judge Beyer also dismissed the chapter 11 bankruptcy case of defendant DVE. Adversary proceeding number 23-03008 appears to remain on-going.

On September 1, 2023, Plaintiffs filed with this Court a Motion for Relief from Standing Order Directing Pre-Trial Matters to the Bankruptcy Court. (Doc. No. 8). Defendants did not file a response to Plaintiffs' motion. Seeing as the time to file a response has passed, Plaintiffs' motion for relief from standing order is ripe for review.

## II. STANDARD OF REVIEW

This Court's Order of Reference of Pre-Trial Proceedings in Bankruptcy Adversary Proceedings with Jury Trial Demands ("Standing Order") provides that "any or all cases under

---

[1] The Court will use the following citation when referring to documents filed in 3:23-CV-00283: ('283, Doc. No. X, p. X).

Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district." In re Standing Order of Reference re Title 11, No. 3:14-mc-00044 (April 14, 2014) (citing 28 U.S.C. § 157(a)); see also In re Adversary Proceedings in Bankruptcy Court, No. 3:04-mc-00156 (May 17, 2011). The Bankruptcy Court is authorized to enter orders and judgments on all core bankruptcy matters and to submit proposed findings and recommendations to this Court on all non-core matters. 28 U.S.C. § 157(b)–(c). It is within the Court's discretion, through permissive withdrawal, to withdraw the reference "on its own motion or on timely motion of any party, for cause shown." Id. §157(d). In other contexts, withdrawal is mandatory. See id. ("The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.").

In the Fourth Circuit, the requisite "cause" needed for withdrawal is not well defined. Generally, other circuits seem to agree that the following six factors are relevant to the analysis of good cause: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. Allen v. Nat'l City Mortg. Co., No. 2:04-mc-188, 2006 WL 3899997, at *2 (S.D. W. Va. July 13, 2006) (citing In re U.S. Airways Group, Inc., 296 B.R. 673, 682 (E.D. Va. 2003)). Generally, the first factor asking whether the matter is core or non-core is afforded more weight than the other factors. See, e.g., Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997); In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993); In re Coe-Truman Techs., Inc., 214 B.R.183, 187 (N.D. Ill. 1997). Nevertheless, that factor is not dispositive. It remains within the Court's

discretion to withdraw the reference even when core proceedings are involved. See United States v. Miller, No. 5:02-cv-168, 2003 WL 2310906, at *4–5 (N.D. Tex. Dec. 22, 2003).

### III. DISCUSSION

**A. Motion to Withdraw Reference**

Plaintiffs argue that their Motion to Withdraw Reference should be granted because "ample cause" for withdrawal exists including the likely dismissal of the underlying bankruptcy cases, the entitlement to a jury trial for seven of the claims, the presence of diversity jurisdiction, and the preservation of resources for both parties and the court. (Doc. No. 1-1, p. 12–16). However, since the filing of Plaintiffs' Motion, the related bankruptcy proceedings have been dismissed and the bankruptcy case is closed. (Doc. No. 4, p. 2–3). Accordingly, the Motion to Withdraw Reference is moot.

**B. Motion for Relief from Standing Order**

Plaintiffs argue that waiver of the Standing Order by this Court is warranted because it is "the best use of judicial and the parties' resources," (Doc. No. 8-1, p. 4), and Plaintiffs could have initially filed their claims in this Court under diversity jurisdiction. (Doc. No. 8-1, p. 7–8). Defendants did not file a response to Plaintiffs' motion. However, for the reasons below, this Court declines to retain jurisdiction over this case.

"[A]s a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of all related proceedings." Querner v. Querner, 7 F.3d 1199, 1201 (5th Cir. 1993). However, dismissal of the related proceedings is not mandatory. The Court may, in its discretion, continue to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a). See Greiner v. Columbia Gas Transmission Corp., 41 F. Supp. 2d 625, 627 (S.D. W. Va. 1999); In re Porges, 44 F.3d 159, 162 (2d Cir. 1995). Alternatively, the Court may abstain

from exercising supplemental jurisdiction, 28 U.S.C. § 1367(c)(3), or remand the case to the court from which it was removed, 28 U.S.C. § 1452(b).

Here, the relevant factors to the Court's analysis dictate that the most appropriate course of action in this case appears to be dismissal. Seeing as the correlating adversary proceeding was dismissed, the first factor asking whether the bankruptcy proceedings are core or non-core becomes moot. As such, this factor weighs in favor of denying the motion. The next factor, seeking for uniform administration of bankruptcy proceedings, is also moot in light of the underlying bankruptcy case having been dismissed. If anything, the uniform administration of bankruptcy law may be furthered by the denial of the motion as to remain in accordance with the general rule favoring dismissal of related proceedings when a bankruptcy action is dismissed. As for the factors of promoting judicial economy and the efficient use of parties' resources, the Court notes that Defendant Dei Vitae Enterprises, LLC has filed papers only in the case before Judge Conrad which is correlated to adversary proceeding number 23-03008. Furthermore, Plaintiffs in fact now recommend to the Court that this case be dismissed as it "correlates with adversary proceedings number 23-03007, which was dismissed by the bankruptcy court". (Doc. No. 5, p. 6). Finally, the Court notes Plaintiffs' affirmation as to concerns surrounding the appearance of "judge shopping" based on their new recommendation that this case be dismissed. However, the fact remains that the underlying adversary proceeding related to this case was dismissed while the related bankruptcy case in the proceeding before Judge Conrad remains active.

Considering the above, the Court finds the balance of the factors weigh substantially in favor of denying the Motion for Relief from Standing Order.

5

Case 3:23-cv-00282-FDW    Document 11    Filed 10/04/23    Page 5 of 6

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Withdrawal of Reference, (Doc. No. 1), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Standing Order, (Doc. No. 8), is **DENIED**.

The Clerk is respectfully directed to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

Signed: October 4, 2023

_____
Frank D. Whitney
United States District Judge